Mr. Justice FIELD
delivered the opinion of the court.
This is an action of ejectment to recover the possession of certain real property situated in the County of Contra Costa, in the State of California. The plaintiff below, the defendant in error in this court, deraigned her title from the Mexican government, through a grant issued in August, 1841, by Juan B. Alvarado, then Governor of the Department of California, and sundry mesne conveyances from the grantees. It does not appear from the record that the grant was ever confirmed by the Board of Land Commissioners appointed under the act of March 3d, 1851, for the investigation of titles to land in California derived from the Spanish and Mexican governments, or was ever presented to the board for its consideration; and it is the absence of any averment in these particulars which constitutes the first ground urged by the counsel of the plaintiffs in error for a reversal of the judgment. His position is, that under the act of March 3d, 1851, if the grant were not presented within the period there designated, which period had expired when this action was commenced, the land was to be deemed a part of the public domain, and that no presumption is to be indulged in respect to such presentation in the absence oí any averment on the subject. It is a sufficient answer to this position, that it does not appear from the record to have been urged in the court below. It may be that the objection was not taken from the knowledge of the parties that the grant had been confirmed, and that proof of the fact could be readily produced. Objections of this kind cannot be heard for the first time in the appellate court. To entitle objections to consideration here, they must be presented to the court below in the first instance, at least if they are of a kind which might have been there obviated.
Of the intermediate conveyances from the grantees, through which the plaintiff below traced her title, one was produced and read in evidence, upon proof of its execution by one of the grantors, furnished by the certificate of a notary public. Objection was taken to the sufficiency of this proof, counsel contending that the execution should have been proved by *706 calling the subscribing witness. The objection is answered by the statute of California, which expressly provides for the admission in evidence of conveyances of real property when verified by certificates of acknowledgment or proof of the execution by the grantors before certain officers.*
It appears that the subscribing witness to the deed introduced was present in court during the trial, and was examined with reference to certain matters, but not touching the execution of the deed. The defendant thereupon claimed the right to cross-examine him with reference to such execution. The court held that the defendant must, for that purpose, call the witness, and could not properly make the inquiry upon the cross-examination. In this particular the ruling of the court below was correct. The rule has been long settled, that the cross-examination of a witness must be limited to the matters stated.in his direct examination. If the adverse party desires to examine him as to other matters, he must do so by calling the witness to the stand in the subsequent progress of the cause. †
Judgment aeeirmed.

 Act of California concerning conveyances, of April 16,1850, gji 4 and 29.

 Philadelphia and Trenton Railroad v. Stimpson, 14 Peters, 461; 1 Greenleaf on Evidence, 445.